**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mesa Air Group, Inc., a Nevada) corporation; Mesa Airlines, Inc., a Nevada) corporation ) | No. 08-1930-PHX-FJM |
| ) | **ORDER** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Mokulele Air Group, Inc.,dba Mokulele) Airlines, an Hawaiian corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Our order of February 11, 2009 (doc. 51), informed the parties that all of their claims should be litigated in a single court. Order of Feb. 11, 2009 at 3. Given the needlessly busy nature of their motion practice, we encouraged them "to agree upon a forum if they can do so." *Id.* We even indicated our willingness "to either dismiss this case or transfer it to Hawaii." *Id.*

In the related action in the United States District Court for the District of Hawaii, *Mokulele Air Group, Inc., v. Mesa Airlines, Inc*., CV-08-500-DAE-LEK, Judge Ezra made it clear to the parties that "this case should not and will not proceed in two separate forums. It just isn't going to happen. It's a waste of judicial resources." Transcript of Hearing of January 20, 2009 at 18, attached to Mesa Air Group's Notice of Filing (doc. 50).

1   Notwithstanding the fact that two separate District Judges have informed the parties

2   that they should litigate in a single forum, the parties have spent a fortune quarreling over the

3   location of that forum.  We now have before us "Defendant Mokulele Air Group, Inc.'s

4   Motion to Dismiss Second Amended Complaint or, in the Alternative, Transfer to District

5   of Hawaii" (doc. 53), "Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the

6   Alternative, Transfer to Hawaii" (doc. 59), and "Defendant Mokulele Air Group, Inc.'s

7   Reply Memorandum in Support of Motion to Dismiss Second Amended Complaint or, in the

8   Alternative, Transfer to District of Hawaii" (doc. 60).

9   I.

10   Mokulele first argues that we should dismiss this action because the claims arising

11   under the Code Share Agreement were first raised in the related action in Hawaii.  We briefly

12   summarize the chronology of filings and claims. Mesa Air Group first filed this action on

13   October 20, 2008 for payment of fuel invoices.  On November 4, 2008, Mokulele filed an

14   action against both Mesa Airlines and Mesa Air Group in the District of Hawaii alleging anti-

15   trust violations, unfair competition, breach of the Code Share Agreement, and tortious

16   interference with contract.  On November 7, 2008, Mesa Air Group filed a first amended

17   complaint in this action adding claims for breach of the Code Share Agreement, conversion,

18   trademark infringement, misappropriations of trade secrets, deceptive trade practices, and

19   unfair competition.  We allowed Mesa Air Group to file a second amended complaint on

20   February 12, 2009, adding  Mesa Airlines as a party.  We note that many of Mesa Air

21   Group's claims arise under federal law and the law of Hawaii.

22   At all events, Mokulele argues that because it paid the outstanding fuel invoices, the

23   claims in Mesa Air Group's October 20, 2008 complaint should be dismissed as moot and

24   therefore ignored in deciding who was the first to file.  It argues that since the issues arising

25   under the Code Share Agreement were first raised in its November 4, 2008 complaint in the

26   District of Hawaii, we should dismiss this action under the "first to file" rule.  Mesa Air

27   Group argues that notwithstanding payment, there remain claims for interest and fees.

28

1  We need not decide whether there is anything left to Mesa Air Group's original claim

2  because it does not affect our "first to file" analysis.  The "first to file rule" is discretionary.

3  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).  We think given the

4  tortured nature of the parties' actions in both Arizona and Hawaii, neither party is entitled

5  to the "first to file" rule.  Neither party has shown any interest in unitary adjudication.  As

6  a chronological matter, Mesa Air Group clearly filed this action first, and rather than filing

7  a counterclaim, Mokulele rushed to file a separate action in the District of Hawaii.  Likewise,

8  Mesa Air Group could have filed a counterclaim in the Hawaiian action but chose to amend

9  its complaint in this action instead.[1]  Under these circumstances, we exercise our discretion

10  to analyze the appropriate forum under the transfer provisions of 28 U.S.C. § 1404(a), rather

11  than a mechanistic application of a "first to file" rule in a case in which neither party has a

12  very strong claim to its application.

13  II.

14  Mokulele argues that if we do not dismiss this action under the "first to file" rule, we

15  should transfer it to the United States District Court for the District of Hawaii under 28

16  U.S.C. §1404(a).  In analyzing the transfer issue, we consider (1) plaintiffs' choice of forum,

17  (2) the location where the relevant agreement was negotiated and executed, (3) the parties'

18  respective contacts with the forum, (4) the ease of access to sources of proof, (5) the

19  availability of compulsory process to compel attendance of unwilling non-party witnesses,

20  (6) the forum most familiar with the governing law, (7) the difference in the costs of

21  litigation in the two forums, and (8) the contacts relating to the plaintiffs' cause of action in

22  the chosen forum.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

23  There is a permissive, non-mandatory Arizona choice of forum provision in the

24  parties' Code Share Agreement.  But for that agreement, venue in the District of Arizona

25

26  [1]Judge Ezra has already concluded that Mesa Air Group is not entitled to the "first to
27  file" rule because of the difference between Mesa Air Group's original complaint and the
   Hawaiian action.  Order Denying Defendant's Motion to Dismiss of January 22, 2009 at 7-
28  13, attached to Mesa Air Group's Notice of Filing (doc. 50).

1   under 28 U.S.C. §1391 would be questionable.  The defendant resides in Hawaii and it is

2   doubtful whether a substantial part of the events giving rise to the parties' dispute occurred

3   in the District of Arizona.  Thus, while Mesa Air Group was entitled, by contract, to file the

4   action in the District of Arizona, we give its choice of forum little weight for two reasons.

5   First, venue is weak here.  Second, Judge Ezra has already concluded that Mesa Air Group

6   did not raise its non-fuel claims under the Code Share Agreement until after Mokulele filed

7   its action in the District of Hawaii.

8          While the Code Share Agreement may have been drafted by Mesa Air Group in

9   Arizona, its execution was in Hawaii.  The object of the parties' contract is inter-island air

10  traffic in the State of Hawaii.  Thus, Hawaii has a far greater interest in this dispute than does

11  Arizona.

12         Mesa Air Group has substantial contacts with Hawaii while Mokulele Air Group has

13  virtually no contacts with Arizona.  Mesa Air Group chose to do business in Hawaii while

14  Mokulele has not chosen to do business in Arizona.

15         The ease of access to sources of proof and the availability of compulsory process cut

16  both ways and are neutral factors.

17         While there is a choice of law provision in the Code Share Agreement that selects

18  Arizona, we note that breach of the Code Share Agreement is but one of many causes of

19  action in this case.  There are federal  anti-trust claims and Lanham Act claims.  Indeed,

20  counts 6, 7, 8, and 9 of Mesa Air Group's second amended complaint even allege claims

21  under the law of Hawaii.  Thus, while it may be true that this District may be more familiar

22  with  those claims arising under Arizona law, it is also true that the District of Hawaii will

23  be more familiar with claims arising under Hawaii law.  Both Districts will be familiar with

24  federal law.  This factor thus is neutral.

25         Given that the parties have expended enormous sums already just quarreling over the

26  forum, it appears that neither party is keenly interested in the efficiency that flows from

27  unitary adjudication.  Thus it appears that neither side attributes much weight to costs.

28  Nevertheless, there is a strong association between delay and costs.  The longer litigation

1  goes on, the greater the costs.  According to Ninth Circuit United States Courts, *2007 Annual*

2  *Report* at 46, the unweighted filings per judgeship in the District of Arizona are 744 as

3  compared to 325 in the District of Hawaii.  The weighted filings per judgeship in the District

4  of Arizona are 528 as compared to 290 in the District of Hawaii.  The District of Arizona is

5  congested because of its proximity to the broken border with the Republic of Mexico.  Thus,

6  litigation is likely to take longer here and, therefore, cost more here.

7          Finally, we note Mesa Air Group's causes of action involve Mokulele's conduct in

8  Hawaii and not in Arizona.  Thus, that factor counts in favor of Hawaii.

9          Because the great majority of transfer factors qualitatively favor Hawaii, we will grant

10  Mokulele's motion to transfer this action to the United States District Court for the District

11  of Hawaii.  And, because unitary adjudication is important, we will also order that it be

12  consolidated with *Mokulele Air Group, Inc., v. Mesa Airlines, Inc.*, CV-08-500-DAE-LEK,

13  in the United States District Court for the District of Hawaii.

14          We also have before us Mesa Air Group's "Motion for Expedited Consideration of

15  Motion to Extend Deadlines" (doc. 62), Mesa Air Group's "Motion for Extension of

16  Deadlines" (doc. 61) and defendant "Mokulele Air Group's Response" (doc. 69).  Mesa Air

17  Group asks us to extend the deadlines in our Rule 16 scheduling order for 60 days, or at a

18  minimum extend the expert witness disclosure deadlines for a period of 60 days, because it

19  believes that the motion to transfer should be resolved before progressing with the case.  We

20  disagree.  The parties had been quarreling over the forum long before we entered our Rule

21  16 scheduling order.   The parties should have been investigating and processing this case

22  whether it is litigated in this District or Hawaii.  We thus DENY Mesa Air Group's "Motion

23  to Extend the Deadlines in the Rule 16 scheduling order."  No good cause has been shown

24  to upset that order.  Of course, this is without prejudice to the right of Judge Ezra to amend

25  the order if he deems it necessary to accommodate the consolidated cases and his own

26  calendar.

27

28

1    Finally, the court has before it "Plaintiffs' Renewed Request for Keyword Search
2    Protocol" (doc. 66).  In light of our decision to transfer, IT IS ORDERED DENYING it
3    without prejudice to the right to reurge it in the District of Hawaii.

4    IT IS THEREFORE ORDERED as follows: DENYING Mokulele's "Motion to
5    Dismiss Second Amended Complaint" (doc. 53), GRANTING Mokulele's "Motion to
6    Transfer to the District of Hawaii" (doc. 53), DENYING Mesa Air Group's "Motion for
7    Extension of Time" (doc. 61), GRANTING Mesa Air Group's "Motion to Expedite
8    Consideration" (doc. 62), and DENYING "Plaintiffs' Renewed Request for Keyword Search
9    Protocol" (doc. 66).

10   Accordingly, IT IS ORDERED transferring this entire action to the United States
11   District Court for the District of Hawaii under 28 U.S.C. § 1404, for consolidation with
12   *Mokulele Air Group, Inc., v. Mesa Airlines, Inc.,* CV-08-500-DAE-LEK in the United States
13   District Court for the District of Hawaii.

14   DATED this 19th day of June, 2009.

15

16

17   _Frederick J. Martone_

18   Frederick J. Martone
     United States District Judge

19

20

21

22

23

24

25

26

27

28

- 6 -